------o------

CASAD *v.* DAVIS and Another.

CONTRACT.— *Construction of.*—A. and B. made a written contract whereby the former agreed to let to the latter, for a certain period, the use of sufficient water to run a saw-mill, at a stipulated rental, which B. agreed to pay, A. reserving to his own use the surplus water, and, in consideration of the letting, B. also covenanted "to deepen the race at the saw-mill to bring it to the depth as it is in the head-gate at said race, with a gradual descent to the ·fflume of said mill, and not to be less at the bottom of said race than" a certain number of feet. The contract, in a subsequent part thereof, contained a stipulation that B. was to have said race to use to keep his saw-logs in; and recited that it was also understood that he "can make the said race wider and deeper if he sees proper."

*Held,* that under these provisions construed together without extraneous circumstances, the lessee was bound to deepen and widen the race to a certain extent specified, and had the privilege of making it still deeper and wider if he wished to do so.

APPEAL from the White Circuit Court.

FRAZER, J.—This was a suit by the appellant against the appellees to recover damages for their alleged failure to deepen and widen a certain mill-race according to contract. The whole case before us depends upon the construction to be given to a written instrument between the appellees and the grantors of the appellant. It was an *agreement inter partes,* whereby the appellant's grantors let to the appellees for eight years, with a privilege of renewal, the use of suf-

ficient water to run a saw-mill at a stipulated rental, payable semi-annually, reserving to their own use the surplus water. The appellees agreed to pay the rental, and, in consideration of the letting, they likewise covenanted expressly "to deepen the race at the saw-mill, to bring it to the depth as it is in the head-gate at said race, with a gradual descent to the flume of said mill, and not to be less at the bottom of said race than 15½ feet." Several stipulations then follow, and afterwards is found this clause: "the said Davis and Hughes to have the said race to use to keep their saw-logs in; it is also understood that *they can make the said race wider and deeper if they see proper."*

Were the lessees bound to deepen and widen the race at all, or were they merely at liberty to do so?

It is a sensible rule of construction, that such a meaning should, if possible, be put upon the various parts and clauses of a contract as will enable all to stand. The office of construction is to ascertain the intention of the parties, and it is not consistent with general experience to suppose that men have invented a clause which is plain in its expression, and then another intended to destroy the whole effect of the first. So, if the various parts can fairly be reconciled, they should be. This is easy in the present case. As we understand the contract, the lessees were bound to deepen and widen the race to a certain extent specified, and had the privilege to make it still deeper and wider if they wished to do so. In the absence of extraneous circumstances, in the light of which a different meaning might possibly appear (and there were none here), this seems to us to be the fair construction of this instrument.

Reversed, with costs; cause remanded for a new trial.

*S. A. Huff, B. W. Langdon,* and *D. Turpie,* for appellant.

*A. Reynolds, S. E. Perkins,* and *S. E. Perkins, Jr.,* for appellees.